# United States Bankruptcy Court
# for the District of Oregon

**Frank R. Alley, III, Judge**
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk



405 East Eighth Ave., Suite 2600
Eugene, Oregon 97401
(541) 431-4055
FAX: (541) 431-4048

September 15, 2008

Ms. Kate Wilkinson
Gartland, Nelson, McCleery, Wade & Walloch, P.C.
P.O. Box 11230
Eugene, OR 97440-3430

Mr. David Mills
Hammons & Mills
115 W. 8th Ave., Suite 280
Eugene, OR 97401

Mr. Jeffrey Miller
826 N. Cloverleaf Loop
Springfield, OR 97477

RE:     MILLER v. McDOUGAL BROS. INVESTMENTS, et al.
          Adversary Proceeding No. 08-6110-fra

Dear Counsel and Mr. Miller:

      Defendants in this adversary proceeding, McDougal Bros. Investments, David Mills, Larry Gildea, and Jeffrey Hendrickson, have filed motions to dismiss under Fed.R.Civ.P. 12. As the parties have not requested a hearing, and the Court does not find one to be warranted, the matter will be decided on the present record without oral argument. For the reasons that follow, Defendants' motions will be granted.

## BACKGROUND

      The history of this case can be gleaned from the submissions of the parties and the official records of the Court. Plaintiff Jeffrey Miller entered into an agreement with Defendant Jeffrey Hendrickson on February 17, 2004, characterized by the Plaintiff as a lease of real property with an option to purchase, or as a purchase agreement. On April 22, 2004, Plaintiff filed bankruptcy under chapter 7, but did not list in the schedules an interest in the subject property. On May 2, 2004, Defendant McDougal Bros. Investments purchased the subject real property at a trustee's foreclosure sale, informing the Plaintiff by certified mail on July 27, 2004 that he was delinquent in rent payments and the rental agreement would be terminated. Mr. Miller and McDougal Bros. disputed the nature of the agreement Mr. Miller had entered into,

and McDougal Bros. sued Mr. Miller in Lane County Circuit Court for ejectment from the property. McDougal Bros. was represented by Defendant Gildea in that action and Mr. Miller was represented by his own attorney. McDougal Bros. prevailed and the Circuit Court entered a judgment on November 23, 2005. Mr. Miller appealed that judgment to the Oregon Court of Appeals.

While the above was going on, the chapter 7 trustee, Mr. Huntsberger, determined Mr. Miller's bankruptcy case to be a no-asset case, a discharge of debts was entered on August 10, 2004, and the bankruptcy case was closed on that date.

After the Circuit Court judgment had been entered and Mr. Miller's bankruptcy case closed, Mr. Miller filed a bar complaint against Defendant Gildea, who was defended in that matter by Defendant Mills. During that representation, Mr. Mills discovered that Mr. Miller had failed to disclose his interest in the subject real property in his bankruptcy schedules and brought that information to Mr. Huntsberger, the former trustee of Mr. Miller's bankruptcy estate. Mr. Huntsberger took the information to the United States Trustee who moved to re-open the bankruptcy case to allow the Trustee to investigate this newly-acquired information. An order re-opening the case was entered, after a hearing on the matter in which the Plaintiff was represented by his attorney, on September 11, 2006.

Shortly before the bankruptcy court entered the order re-opening the case, Mr. Miller filed a lawsuit in Lane County Circuit Court against Defendant McDougal Bros., which was represented by Mr. Mills. Mr. Mills moved to dismiss the lawsuit on the basis that it concerned the same property which was the subject of the earlier ejectment action, and that any claim would be the property of the bankruptcy estate and not of the Plaintiff. The Circuit Court agreed that the Plaintiff lacked standing and dismissed the claim, but allowed the bankruptcy trustee additional time to substitute as plaintiff if he chose to do so. The Trustee chose to compromise the claim rather than pursue the lawsuit, effectively selling any interest in the property to McDougal Bros. in exchange for an extinguishment of any claims against the property by the bankruptcy estate or the Plaintiff. The Circuit Court thereafter entered an order dismissing the lawsuit with prejudice. Plaintiff did not appeal the dismissal.

Mr. Mills then filed a motion with the Oregon Court of Appeals to dismiss the appeal of the ejectment action, on the grounds that the appeal was moot as Plaintiff's claims to the property were eliminated in the Circuit Court case. The Plaintiff did not oppose that motion and the appeal was dismissed on May 10, 2007. The Plaintiff did not seek reconsideration or appeal that decision to the Oregon Supreme Court.

On June 30, 2008, Plaintiff filed this adversary proceeding, seeking a money judgment for damages and sanctions against the Defendants.

## COMPLAINT

The Plaintiff seeks damages for the Defendants' actions related to the reopening of the Plaintiff's bankruptcy case, the filing of the motion with the Lane County Circuit Court to dismiss the action against Defendant McDougal Bros., and the motion to dismiss the appeal at

the Oregon Court of Appeals.

The Complaint appears to contain claims for fraud and misrepresentation, malicious prosecution, abuse of process, and violation of an alleged bankruptcy court order not to contact the Oregon Court of Appeals.

## MOTION TO DISMISS

Review of a complaint under Fed.R.Civ.P. 12(b)(6)[1] is based on the contents of the complaint, the allegations of which are accepted as true and construed in the light most favorable to the plaintiff. North Slope Borough v. Rogstad *(In Re Rogstad),* 126 F.3d 1224, 1228 (9th Cir. 1997)(citations omitted). "[O]nce a claim has been adequately stated, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 127 S.Ct.1955, 1969 (2007)(internal citation omitted).[2] This standard requires "enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the cause of action]. Id. at 1965. "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. (internal citation omitted). However, the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Naert v. Daff, *(In Re Washington Trust Deed Service Corp.),* 224 B.R. 109, 112 (BAP 9th Cir. 1998).

In considering the motion, the court may not consider any material "beyond the pleadings." Hal Roach Studios. Inc. v. Richard Feiner and Co. Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, material which is properly submitted as part of the complaint may be considered. Id. Exhibits submitted with the complaint may also be considered. Durning v. The First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). Further, a document whose contents are alleged in the complaint, or which is crucial to the complaint, and whose authenticity no party questions, but which is not physically attached to the pleading, may be considered. Branch v. Tunnell, 14 F.3d 449, 453-454 (9th Cir. 1994), cert. den. 119 S. Ct. 510(l998)(contents alleged in, but not attached to, complaint); Parrino v. FHP, Inc., 146 F.3d 699, 705-706 (9th Cir. 1998)(not specifically alleged and unattached, but integral to plaintiffs claims). Finally, matters that may be judicially noticed may be considered, Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds, Astoria Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104 (1991), including court records in related or underlying cases. In re American Continental Corp./ Lincoln Sav. & Loan Securities Litigation, 102 F.3d 1524, 1537 (9th Cir. l996), rev'd on other grounds sub nom., Lexecon Inc. v. Milberg Weiss Bershad Hynes and Lerach, 523 U.S. 26 (1998).

---

[1] Fed.R.Civ.P. 12(b)(6) is made applicable by Fed.R.Bankr.P. 7012(b).

[2] The Bell Atlantic Corp. opinion supercedes that part of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), wherein the Supreme Court stated that dismissal for failure to state a claim is improper unless it appears beyond a doubt that the plaintiff can prove no set of facts to support his claim or entitle him to relief.

## DISCUSSION AND ANALYSIS

A. Actions Related to Reopening of Bankruptcy Case

Plaintiff alleges that Defendant Mills, at the direction of Defendant Gildea, committed fraud and misrepresentation in bringing information to the chapter 7 trustee concerning an interest in real property which may have belonged to the Plaintiff, alleging that both Mills and Gildea knew that Plaintiff's only interest in the property was as a tenant.

It is true that at the time Defendant Mills brought the information to the trustee, the Circuit Court had already issued its ruling ordering the ejectment of Plaintiff from the property. However, at the bankruptcy petition date the Plaintiff held what he considered to be an ownership interest in the property. That interest in the real property became property of the estate when the Plaintiff filed bankruptcy and was protected from creditors by the automatic stay. 11 U.S.C. § 362(a). When an asset is listed in the bankruptcy, but not otherwise administered at the time the case is closed, it is deemed abandoned to the debtor at the time of closing, unless the court orders otherwise. Code § 554(c). Because the Debtor/Plaintiff in the present case failed to schedule the asset, however, it was not deemed abandoned to the Debtor when the case was closed and continued to remain property of the estate and subject to administration by the Trustee. Cusano v. Klein, 264 F.3d 936, 945-946 (9th Cir. 2001)(internal citations omitted). It also remained subject to the automatic stay. By failing to schedule the asset, the Plaintiff deprived the Trustee of the ability to protect the asset for the benefit of the estate or to make an informed decision regarding the potential value of that asset.

Defendants Mills and Gildea violated no duty to Plaintiff in bringing information to the chapter 7 trustee. Neither had represented Plaintiff as attorney or had any other fiduciary duty toward him. To the extent that Plaintiff alleges their actions constitute a malicious prosecution, it must also fail. The Defendants did not seek directly to have the bankruptcy case reopened, but merely brought information to the former chapter 7 trustee concerning a potential unscheduled asset. It was the United States Trustee who filed a motion to reopen the case in order to allow the chapter 7 trustee to investigate the information provided. [Docket #16]. The reopening of the case was in the nature of a ministerial action taken by the Court to allow the reappointment of the Trustee so that he could investigate the matter. See In re Menk, 241 B.R. 896, 914 (9th Cir. BAP 1999). The actions taken by the Trustee in intervening in the Lane County Circuit Court case were ultimately successful, as it provided funds to the bankruptcy estate from which to pay creditors. A successful outcome by the Trustee eliminates a key element in an action for malicious prosecution. Erlandson v. Pullen, 45 Or.App. 467, 471, 608 P.2d 1169, 1172 (1980).

Finally, attorneys have a qualified privilege against liability in tort for actions taken on behalf of a client, so long as the attorney was acting within the scope of his or her attorney-client relationship. Reynolds v. Schrock, 341 Or. 338, 348-49, 142 P.3d 1062, 1067-68 (2006). The Plaintiff has "the burden of negating [that] qualified privilege . . . as part of his affirmative case." Id. (citation omitted). Defendant Mills was acting as attorney for both Defendant Gildea and Defendant McDougal Bros. at the time of the action complained of. As Plaintiff failed to allege that Mr. Mills' action was taken outside the scope of the attorney-client relationship, any cause of action relating to those actions must fail. Moreover, any claim against Defendants' Mills and

Gildea relating to actions they took in their capacity as attorney must allege facts showing that they acted outside of the attorney-client relationship.

B. Actions Related to Motion to Dismiss Filed in Circuit Court Case

    Because the Plaintiff's interest in the real property vested in the estate with the filing of the bankruptcy petition and remained property of the estate thereafter, the Plaintiff necessarily lacked standing with respect to the lawsuit he filed in Lane County Circuit Court against McDougal Bros. if the cause of action related to the bankruptcy estate's interest in the real property. Defendant Mills filed a motion to dismiss for his client McDougal Bros. on the standing issue, which was granted, subject to substitution of the Trustee as plaintiff.

    The Circuit Court allowed the Trustee to substitute as plaintiff in that case and ratified the settlement reached between the Trustee and McDougal Bros. Plaintiff did not appeal and the order became final. The Bankruptcy Court does not have jurisdiction to review the order of the Lane County Circuit Court, as it would constitute an invalid collateral attack on that court's final order. Gambee v. Williams, 971 F.Supp. 474, 479 (D.Or. 1997). Accordingly, the Complaint fails to state a claim with respect to the actions taken in the Lane County Circuit Court.

C. Actions Related to the Oregon Court of Appeals.

    Plaintiff contends that the actions taken by Mr. Mills in filing a motion to dismiss the appeal of the ejectment action on grounds of mootness violated a Bankruptcy Court order forbidding any contact with the Oregon Court of Appeals regarding the appeal. The Bankruptcy Court did not enter such an order. At the hearing to reopen the bankruptcy case, the Court was concerned that the Court of Appeals may hear that the bankruptcy case was reopened and stay their proceedings, believing that the automatic stay so required. However, the Bankruptcy Court made it clear that the Trustee had discretion to handle the matter however he felt best. It was the Bankruptcy Court's desire that the Court of Appeals matter be allowed to run its course, rather than be put in limbo, not that a party be forbidden to file a motion to dismiss.

    To the extent the Complaint may allege that the motion to dismiss the appeal was filed for erroneous reasons or that it lacked substance, those concerns should have been raised with the Court of Appeals. The Court of Appeals granted the defendant's motion to dismiss and Plaintiff failed to appeal that order or seek reconsideration. A claim in this court based on the action of the Court of Appeals would constitute an invalid collateral attack on that court's final order and judgment and must fail.

    Plaintiff also alleges that he was not properly noticed with regard to the motion to dismiss the appeal. As stated above, the Bankruptcy Court does not have jurisdiction to revisit the action before the Court of Appeals. If Plaintiff feels his due process rights were violated, those concerns must be brought before the Oregon Court of Appeals.

Mr. Mills and Ms. Wilkinson and Mr. Miller
September 15, 2008
Page - 6

## CONCLUSION

For the reasons stated above, the Complaint fails to state a claim against the Defendants and will be dismissed under Fed.R.Civ.P 12(b)(6), with prejudice. Attorneys for Defendants should submit a form of order and judgment consistent with this opinion.

> Very truly yours,
>
> FRANK R. ALLEY, III
> Bankruptcy Judge